IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FETHI SENGUL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1124-RP |
| | § | |
| WARDEN, T. DON HUTTO DETENTION CENTER, et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is the Federal Respondents' Motion to Lift Stay of Removal, filed on July 14, 2026, (Dkt. 9), and Petitioner's Response, filed on July 16, 2026, (Dkt. 11).

Respondents assert that they are prepared to effectuate the third-country removal of Petitioner to the Central African Republic ("CAR") and have received assurances that removed individuals "will not be subjected to persecution or torture, and the Department of State has determined these diplomatic assurances are credible." (Mot., Dkt. 9, at 2). As a result, Respondents claim that "the judicial stay is the only impediment to removal in this case." (Id.). In response, Petitioner argues that he did not receive required notice of CAR as his designated county of removal and had no opportunity to raise concerns about persecution, torture, and chain refoulement to his native country of Turkey. (Resp., Dkt. 11, at 1-2). Petitioner contends that "the 'assurances' on which the Government relies are legally insufficient," because they are not individualized to him and the risks he faces as a Kurdish Muslim with no ties to CAR. (*Id.* at 2).

Respondents have not filed a reply or otherwise addressed Petitioner's assertions that he was denied necessary process, would be unsafe if removed to CAR, and that the government is improperly relying on blanket assurances.

Accordingly, **IT IS ORDERED** that, **on or before August 25, 2026**, Respondents shall file a reply to Petitioner's Response, (Dkt. 11), addressing the arguments and concerns raised by Petitioner.

**SIGNED** on August 18, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE