IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FETHI SENGUL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-1124-RP |
| | § | |
| WARDEN, *T. Don Hutto Detention Center*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Fethi Sengul's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), and accompanying Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2);[1] Federal Respondents' Opposed Motion to Lift the Stay of Removal, (Dkt. 9); and all responsive briefing, (Dkts. 6, 7, 11, 13). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will deny Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), deny Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2), and grant Respondents' Opposed Motion to Lift the Stay of Removal, (Dkt. 9).

## I. BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus on April 30, 2026, (Dkt. 1), alongside a motion for injunctive relief that also sought his release, (Dkt. 2). The Petition rested on a *Zadvydas* claim, arguing Petitioner had been detained for longer than the presumptively permissible six

[1] This motion sought substantially the same relief as the Petition. (*See, e.g.*, Mot., Dkt. 2, at 8 ("For the foregoing reasons, the Court should grant habeas relief and order Petitioner released from detention.")). So, throughout this Order, any discussion of the arguments in the Petition also applies to the arguments in the Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. 2).

months following a final order of removal. (*See generally* Pet., Dkt. 1). On April 30, 2026, this Court ordered Respondents to show cause within three days as to why the Petition should not be granted, and it stayed Petitioner's removal pending further proceedings in this case. (Dkt. 4). Federal Respondents filed a response on May 4, 2026, (Dkt. 6) ("Response"), and Petitioner filed a reply on May 6, 2026, (Dkt. 7). Later, on July 14, 2026, Respondents moved to lift the stay of removal. (Dkt. 9). Petitioner filed an opposition on July 16, 2026, (Dkt. 11), and Respondents filed a response on August 25, 2026, (Dkt. 13).

## II. DISCUSSION

An order of removal "becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39. An Immigration Judge ("IJ") ordered Petitioner removed on January 31, 2025. (Dkt. 1-2, at 3). Both Petitioner and Respondents waived appeal (Pet., Dkt. 1, at 2), so the removal order became administratively final that same day.

From there, after "a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). Authority to detain noncitizens after a final removal order flows from 8 U.S.C. § 1231. But removal within 90 days is not always possible. Recognizing this reality, in *Zadvydas*, the Supreme Court held that up to a six-month period of post-removal-order detention is presumptively reasonable. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing" to justify continued detention. *Id.*

Petitioner argues the six-month clock began on January 31, 2025, the date his removal order became administratively final. (*See, e.g.*, Pet., Dkt. 1, at 2). But as *Zadvydas* instructs, that is incorrect. The six-month reasonableness clock starts on the date of post-removal-order *detention*—here, March

30, 2026—and not the date the removal order becomes final. *See Zadvydas*, 533 U.S. at 701 ("We do have reason to believe, however, that Congress previously doubted the constitutionality of *detention* for more than six months . . . [so] we recognize that period." (emphasis added)).

That aside, however, Petitioner has now been detained more than six months. But the "6–month presumption . . . does not mean that every alien not removed must be released after six months." *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Court's task, then, is to consider Petitioner's "likelihood of removal in the reasonably foreseeable future." *Id.*

The Petition argued removal was not reasonably foreseeable because removal to Türkiye (Petitioner's home country) was "legally barred by [a] grant of withholding," and no other third country had agreed to accept him. (Pet., Dkt. 1, at 3). But those circumstances have changed. In Respondents' Motion to Lift Stay of Removal, they "aver[red] that the government of the Central African Republic has agreed to accept Petitioner pursuant to a Third Country Removal agreement with the Department of State." (Dkt. 9, at 1). So Respondents have offered a concrete plan to remove Petitioner, and they have moved this Court to lift the stay so they can act on it. Nowhere does Petitioner doubt that Respondents will act quickly—indeed, he seems to acknowledge an "interest the Government has in prompt removal." (Dkt. 11, at 8).[2]

Given those facts, although six months of detention have now elapsed, the Court is not convinced "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court accordingly denies the Petition at this time. And as the Court is

---

[2] Instead of challenging how quickly Respondents will remove him, Petitioner instead focuses on the country Respondents chose for removal. (*See, e.g.*, Dkt. 11, at 8–14). The Court does not engage with these arguments because habeas proceedings serve only to challenge Petitioner's continued *custody*. *See* 8 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." (emphasis added)).

denying habeas relief, it will also lift the stay of removal, which it entered only to "preserve existing conditions while it was determining its own authority to grant . . . relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED WITHOUT PREJUDICE**. Petitioner's related motion for injunctive relief, (Dkt. 2), is also **DENIED**. **IT IS FURTHER ORDERED** that the stay of removal, (*see* Dkt. 4 at 2–3), is **LIFTED**, and **IT IS FURTHER ORDERED** that Respondents file a status report on or before **January 4, 2027** addressing (a) whether Petitioner has been removed and (b) if not, the reason for any delay. **IT IS FINALLY ORDERED** that David J. Venturella, the current Acting Director of Immigration and Customs Enforcement, shall be substituted as defendant in place of Todd Lyons (who no longer holds that office). *See* Fed. R. Civ. P. 25(d). All other relief not granted in this Order is **DENIED**.

**SIGNED** on October 1, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE